PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

**FILED**
February 14, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF TEXAS
_____ DIVISION

Rickey McGee 2173658
Plaintiff's Name and ID Number

Hughes Unit
Place of Confinement

CASE NO. 6:22-cv-00159
(Clerk will assign the number)

v.

T.D.C.J Director
Defendant's Name and Address

Warden Bruce Armstrong
Defendant's Name and Address

Katharine Knicely
Defendant's Name and Address
( DO NOT USE "ET AL.")

---

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. **PREVIOUS LAWSUITS:**
    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO
    B. If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: __July 29, 2021__
        2. Parties to previous lawsuit:
           Plaintiff(s) __Rickey McGee__
           Defendant(s) __Warden Armstrong__
        3. Court: (If federal, name the district; if state, name the county.) __Western__
        4. Cause number: __6:21-cv-00783__
        5. Name of judge to whom case was assigned: __Judge Albright__
        6. Disposition: (Was the case dismissed, appealed, still pending?) __pending__
        7. Approximate date of disposition: _____

Rev. 05/15

II.    PLACE OF PRESENT CONFINEMENT: _____Hughes Unit_____

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:
Have you exhausted all steps of the institutional grievance procedure?    ✓YES ___NO
Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:
A. Name and address of plaintiff: _____Rickey L. McGee    Hughes Unit_____
_____RT 2 Box 4400_____
_____Gatesville Tx 76597_____

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _____T.D.C.J Director_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_____Fail to train - protect - supervise_____

Defendant #2: _____Warden Bruce Armstrong_____
_____RT 2 Box 4400 Gatesville Tx 76597_____
Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
_____Fail to protect - train - supervise_____

Defendant #3: _____Officer Katharine Knieely - Xavier Kindred_____
_____RT 2 Box 4400 Gatesville Tx 76597_____
Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.
_____Assault P.C. 22.01 - retaliation for use of grievance system_____

Defendant #4: _____Officer Elizabeth ca Martha Maldorado_____
_____RT 2 Box 4400 Gatesville Tx 76597_____
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_____Retaliation for exercising 1st Amend right - cruel punishment_____

Defendant #5: _____Officer Timber Daniel - Debbie Pantoja_____
_____RT 2 Box 4400 Gatesville Tx 76597_____
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_____Retaliation for exercising 1st Amend right - cruel punishment_____

Rev. 05/15

3

V.  STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

_____
_____
_____
_____
_____(SEE ATTACHMENT)_____
_____
_____
_____

VI.  RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Grant Injunction or TRO
Grant monetary compensation

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Rickey Leonardo McGee

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

25574-177 - 1654803 - 739569

VIII.  SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date sanctions were imposed: _____
   4. Have the sanctions been lifted or otherwise satisfied?    ___YES ___NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?  ____ YES __✓__ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date warning was issued: _____

Executed on: __1/20/22__
　　　　　　　　DATE

_____
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __20__ day of __January__, 20 __22__.
　　　　　　　(Day)　　　　　　　　　(month)　　　　　　　　(year)

_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Each defendant is sued individually and in his Official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## FACTS

1. On July 15, 2021 defendant Cody Rodriquez with malicious intent sprayed plaintiff in the face with chemical agent in retaliation for a incident that occurred at another Unit.

2. On September 23, 2021 defendant Katharine Knicely refused plantiff meal.

3. Plantiff asked why the refusal in which defendant stated "You need to leave my girl alone". When asked who she stated "Rodriquez".

4. On October 11, 2021 defendant refused meal. Plantiff wrote grievance number 2022023550

5. On October 28, 2021 defendant refused meal obviously in retaliation for previously filed civil complaint against her "girl" Rodriquez and grievances written against her by plantiff.

6. November 9, 2021 refused meal. Wrote multiple false disciplinary infractions in retaliation for grievances and civil complaints against her and Rodriquez. Stated on this day "You write me up. I write you up".

7. November 15, 2021 after a verbal dispute between plantiff and defendant Knicely due to defendant being displeased that her friend defendant Rodriquez could not work pod plantiff was housed on pulled out her chemical mace and sprayed plantiff in the stomach, chest and face area causing excruciating burning in those areas. This act was done with malicious intent in violation of Texas Penal Code 22.01 under common law. This act went unreported by defendant Knicely.

8. Furthermore, on this day prior to assault defendant Knicely refused plantiff meal.

9. On November 17, 2021 wrote a personal letter to defendant Warden Bruce Armstrong concerning unreported use of force.

10. On November 19, 2021 defendant Knicely wrote multiple false disciplinary infractions in retaliation for previous grievances and civil litigation on her and her friend Rodriquez

11. Wrote emergency grievance concerning assault. 2022033004 Wrote letter to Office of Inspector General. After interview and investigation it was revealed that use of force/assault did occurr and went unreported.

12. On December 6, 2021 defendant Knicely wrote a false disciplinary report (assault on officer) related to the events on November 15, 2021 in which went unreported.

13. On December 22, 2021 defendant Knicely called plantiff a "snitch" and that she was going to get plantiff "ran off and killed".

14. The actions of defendant Knicely on this date has caused plantiff to recieved threats of physical harm by other inmates.

15. Enclosed with this complaint is a affidavit of Mr. Donis Denby who has witnessed the allegation's stated herein on defendant Knicely and her associates. (EXHIBIT A)

16. As it relates to defendant Daniel:

17. On December 10, 2021 Officer came to my assigned cell and stated: "So you are the one who suing my friend."

18. Plantiff asked her who was her "friends" in which she responded: "Rosario and Rodriquez".

19. Note: Both of these individuals are defendants in a civil complaint number 6:21-cv-00783

20. Defendant Daniel then stated "I got you."

21. On December 11, 2021 defendant refused plantiff meal upholding her previous statement: "I got you." This refusal of meal is obviously in retaliation for previously filed civil complaint against her "friends" Rosario and Rodriquez.

22. On December 18, 2021 defendant refused meal in retaliation.

23. On December 17, 2021 defendant refused meal in retaliation.

24. Plantiff wrote grievances as it relates to refusal of meals and retaliation.

25. Defendant refused meal. Called plantiff a "snitch" for getting "Knicely fired".

26. On January 3, 2022 defendant denied meal in retaliation for "getting Officer Knicely fired" and previously written grievances

27. As it relates to defendant Maldanado:

28. On December 26, 2021 defendant refused meal. Stated: "McGee if you don't shut up, I will tell all these offenders you

2)

are a switch." This statement brought on threats of physical harm by other inmates. (See Exhibit a Affidavit of Donis L. Derby)

29. On December 27, 2021 defendant refused meal in retaliation for previously filed civil complaint against her friends Kneely and Rodriguez.

30. On January 11, 2022 defendant refused meal in retaliation for previously filed civil complaint.

31. As it relates to defendant Kindred:

32. On or about the month of June 2021 Officer Kindred upon passing out mail stated: "Oh you are the one they are talking about." This statement was accompanied with a scowl on face.

33. On August 30, 2021 defendant Kindred refused meal at the behest of defendant Rodriguez. Wrote false disciplinary infraction.

34. On September 17, 2021 defendant Kindred stated "you are going to pay for suing Rodriguez". They are in a romantic relationship

35. As it relates to defendant Pantoja:

36. On November 21, 2021 defendant refused meal. Plaintiff asked why in which she stated "you are the snitch who sues people".

37. On November 29, 2021 defendant refused meal in retaliation for previously filed civil complaint.

38. On ~~December~~ December 6, 2021 refused meal in retaliation. Stated plaintiff was a "snitch". (Wrote grievance)

39. On January 9, 2022 refused meal made threats in retaliation for previously filed grievances and civil complaints. Plaintiff filed Emergency grievance.

40. Defendant Armstrong was well aware of the issues stated herein Plaintiff had written grievances in which he signed off on. Plaintiff wrote Inmate Request. Plaintiff wrote personal letters addressed to him.

41. Texas Department of Criminal Justice is a institutional entity that protects itself from top to bottom.

42. There is a history of widespread allegations of excessive force and misconduct sexual in nature during these use of force.

43. There is a history of widespread allegations of retaliation for use of grievance system and redress to courts

44. Plaintiff is in fear of his safety / life.

45. Plaintiff would ask the court to grant a preliminary and permanent injunction ordering the defendants to stop with

the threats and retaliatory acts.

46. Failure to grant injunction will result in irreparable harm to plaintiff.

## LEGAL CLAIMS

47. Plaintiff reallege and incorporate by reference paragraphs one through fifty six

48. T.D.C.J Director was conciously indifferent training of its Officer's in use of force was a proximate cause to plaintff's injuries which included burning of the stomach, chest and face areas.

49. There is a reckless disregard for prisoner's safety prevalent among T.D.C.J correctional Officer's which threatened the health and security of those whom they encounter

50. T.D.C.J Director was conciously indifferent to widespread incompetence and misbehavior.

51. Defendant T.D.C.J Director violated plaintff's McGee's rights under the First, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution. Defendants actions - inactions - violated plaintff's rights and caused plantiff pain, suffering, physical injury, mental and emotional distress.

52. Defendant Bruce Armstrong failed to protect plaintff's Rights guaranteed by the Constitution. Defendant is at the top of the chain of command at Hughes Unit. He was aware of the issue's stated herein.

53. Defendant failed to adequately train or supervise his Officer's. He was deliberately indifferent to the neglect supervision of Officer's. There is obviously lack of staff training as it relates to use of force and such deliberate indifference directly and proximately caused plantiff's injuries Plantiff on July 15.2021 had a use of force / which was excessive in nature which involved three Official's here at Hughes Unit. (refer to civil complaint number 6:21-cv-00783) Exactly four months later on November 15.2021 plantiff was subjected to another use of force which went unreported by defendant Katharine Knicely. Defendant despite awareness adopted a custom or policy with respect to the operations of the prison that was deliberately indifferent, and recklessly disregarded the

9)

safety of inmates.

54. Defendant failed to adequately train or supervise his officers, as it relates to retaliating for use of grievance and court system.

55. Defendant Armstrong violated plantiff McGee's rights under the Fifth, First, Eighth and Fourteenth Amendment to the U.S. Constitution. Defendants actions - or inactions- violated plantiffs rights and caused plantiff pain, suffering, physical injury, mental and emotional distress.

56. Defendant's Kindred, Maldanado, Daniel, Pantoja as a collective group conspired to violate plantiffs constitutional rights to access to courts. Defendants were aware of grievances written and civil complaints filed in court. As a result plantiff was subjected but not limited to threats of physical harm, false disciplinary infractions and denial of several meals.

57. Defendants violated plantiff McGee's rights under the First, Fifth, Eighth, Fourteenth Amendment to the U.S. Constitution and caused plantiff pain, suffering, physical injury, mental and emotional distress.

58. Defendant Knicely with malicious intent sprayed plantiff with OC Aresol unwarranted for the fact plantiff was not a threat to her or himself. Plantiff was secured inside locked cell.

59. This aggravated assault and battery was in direct violation of Texas Penal Code 22.02 under common law.

60. Defendants action's violated plantiff McGee's rights under the Eighth Amendment to the U.S. Constitution and caused plantiff pain, suffering, physical injury, mental and emotional distress.

61. Plantiff has no plain, adequate or complete remedy at law to redress the wrongs described herein.

62. Plantiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaration and injunctive relief / TRo which plant.ff seeks.

5)

# PRAYER FOR RELIEF

WHEREFORE, plantiff respectfully pray that this court enter judgement:

63. Granting plantiff a declaration that the acts and ommissions described herein violate his rights under the Constitution and laws of the United States, and

64. Ordering defendants to immediately cease from threatening and retaliating against plantiff

65. A Temporary Restraining Order

66. A preliminary and permanant injunction order to all defendants to cease conspiring to retaliate against plantiff.

67. Granting plantiff compensatory damages in the amount of $500,000 against T.D.C.J Director

68. Granting plantiff compensatory damages in the amount of $250,000 against Warden Bruce Armstrong

69. Granting plantiff compensatory damages in the amount of $50,000 against Xavier Kindred, Elizabeth or Martha Maldanado, Timber Daniel, Debbie Pantoja

70. Granting plantiff compensatory damages in the amount of $150,000 against Katharine Knicely

71. Granting plantiff punitive damages in the amount of $500,000 against T.D.C.J Director

72. Granting plantiff punitive damages in the amount of $250,000 against Warden Bruce Armstrong

73. Granting plantiff punitive damages in the amount of $50,000 against Xavier Kindred, Elizabeth or Martha Maldanado, Timber Daniel, Debbie Pantoja

74. Granting plantiff punitive damages in the amount of $150,000 against Katharine Knicely

75. Plantiff McGee seeks these compensatory and punitive damages against each defendant jointly and severally

76. Plantiff seek a jury trial on issues triable by a jury.

77. Plantiff seek recovery of cost in this suit, And

78. Any additional relief this court deems just, proper and equitable.

Dated: January 31, 2022

Respectfully submitted

Rickey L. McGee

7)

IN THE STATE OF TEXAS            §
                                 §
COUNTY OF_____         §
                                 §
                                 §

Exhibit _____

## AFFIDAVIT OF "DONID L.DENBY"

I,Donis L.Denby, being over the age of 21,of sound mind, and capable of making the following DECLARATION, being familiar with all facts herein stated,at all times,being disposed, and declares the following:

I,affiant make this statement on behalf of, RICKEY MCGEE,TDCJ # 02173658, being personally aware of the following. I declare that I have witnessed, by sight and hearing,Mr Mcgee subject to a rank, and presistent campaign of harrassment, and reprisal, as well as retaliations at the hands of several officers.One of the officers, namely,COIV Madanado, has repeatedly refused Mcgee his food and water,has fasified records against him and has placed his life in jeaprody.

Namely and in particularly, on December 25th, and December 26th,2021, on both occassions officer Maldanado worked 12Blg.B-EM POD,on each occassion,I heard her state on the run to Mcgee, "Mcgee if you don't shut up, I will tell all these offenders you're a snitch". Then again on December 26th 2021 during serving of chow officer Maldanado again stated that she would tell "everyone that you (Mcgee) are snitching, and that you snitched on your coworkers". In addition, officer Maldanado stated, "Mcgee, you done fucked up, I'm gonna do whatever to get offenders to fuck you up". At this time I heard several offenders threatened Mcgee, telling him he better, "never come out of his house", and that he "better leave because he was dead", and threatened him, "if he fucked with Maldanado again". Officer Maldanado was standing there egging the offenders on. I personally witnessed and heard this, and I believe the threat against Mcgee is real due to the actions of officer Maldanado.

End Of Declaration.

### VERIFICATION

I,Donis L.Denby, do hereby swear under the penalty of perjury and "VERIFY" that the foregoing is true and correct to the best of my knowledge, pursuant to 28 U.S.C.§ 1746

/s/
Donis L.Denby, #655223
12/26/2021 @ 2:20 pm

1  of  1

IN THE STATE OF TEXAS               §
                                    §
COUNTY OF _____         §
                                    §
                                    §
                                    § Exhibit _____

## AFFIDAVIT OF "DONIS L.DENBY"

I,Donis L.Denby, being over the age of 21,of sound mind and capable of making the following DECLARATION, being familiar with all facts herein at all times, being disposed and declares the Following:

I,Donis L.Denby, make this declaration on behalf of, RICKEY MCGEE,TDCJ# 02173658, being familiar will all stated herein personally and intimately.I am assigned to 12Blg B-464 , Mr.Mcgee is assigned to same pod, in cell #66. I have personally, on several occassions witnessed by seeing and hearing several officers repeatedly harrass and retaliate against Mcgee and refuse him food and water and other things.

I have personally witness one officer, COIV Knicely repeatedly threaten Mcgee and make statements that endangers Mcgee safety, and which has caused him to be the subject of repeated threats from offenders.On December 22,2021,officer Knicely stated on the run, in front of other offenders that, "Mcgee is a snitch and a prevert", and that she was going to getr Mcgee "ran off and killed".

I have heard numerous threats directed at Mcgee as a direct result of this.Knicely has refused to summon ranking supervisors when Mcgee requested them due to the threats, even though she heard the threats, placing Mcgee under imminent danger.I believe the threats posed to Mcgee because of the actions and statements of officer Knicely are real.

End Of Declaration.

### VERIFICATION

I,Donis L.Denby, do hereby swear under the penalty of prejury and "VERIFY" that the foregoing is true and correct to the best of my knowledge, pursuant to 28 U.S.C.§ 1746

/s/
Donis L.Denby, 1655223
12/22/2021

1   of   1

Rickey L. McGee 2173658
Hughes Unit
RT 2 Box 4400
Gatesville Tx 76597